# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WILLIE TAYLOR,

     Plaintiff

v.                                                                  Case No.                    -NO
                                                                    Hon.

AGENT MALOOF, in his Individual
Capacity, JOHN DOE, MDOC
Correctional Officer, in his Individual
Capacity, STEVEN HORTON, in his
Individual Capacity, and THE MICHIGAN
DEPARTMENT OF CORRECTIONS,

     Defendant(s).

_____

Stephen M. Lovell (P80921)
Jonathan R. Marko (P72450)
Attorneys for Plaintiff
**MARKO LAW, PLC**
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
Phone: 313.965.5555
Fax: 313.965.5556
Email: stephen@ernstmarkolaw.com

_____

## <u>COMPLAINT AND JURY DEMAND</u>

     **NOW COMES** the above-named Plaintiff, by and through his counsel,

MARKO LAW, PLC, and for his Complaint against the Defendants, states as

follows:

## JURISDICTION AND VENUE

1.     This is an action by Plaintiff to enforce his civil rights protected by Constitution of the United States as well as the Americans With Disabilities Act, as amended, 42 USC §12101, et seq.

2.     Jurisdiction is conferred by 28 U.S.C. §1331, as to Plaintiff's federal law claims.

3.     The Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 13 U.S.C. 1367(a).

4.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) as all of the events giving rise to this cause of action occurred in the Eastern District of Michigan.

5.     Plaintiff has exhausted all of his administrative remedies before filing this complaint.

## PARTIES

6.     Plaintiff Willie Taylor at all times relevant was confined by the Michigan Department of Corrections (MDOC) at Detroit Reentry Center, located in Detroit, Michigan.

7.     Agent Maloof is by all information and belief a parole officer employed by the Detroit Metro Parole and Probation Office located at 5300

Lawton Street, in the City of Detroit, State of Michigan. He is sued in his individual capacity.

8.      Defendant John Doe at all times relevant to this Complaint was a Corrections Officers of Detroit Re-Entry Center. He is sued in his individual capacity.

9.      Defendant Steven Horton at all times relevant to this Complaint was an Administrative Assistant of Detroit Re-Entry Center. He is sued in his individual capacity.

10.      Defendant Michigan Department of Corrections (MDOC) is a governmental agency created pursuant to the laws of the State of Michigan, and currently administers and operates the facility at Detroit Re-Entry Center.

## FACTS

11.      On March 8, 2017, Plaintiff Willie Taylor was told by his parole officer, Agent Maloof, to report to his parole office in Pontiac, Michigan.

12.      Upon arrival at the parole office, Plaintiff was arrested by Agent Maloof for a parole violation.

13.      Agent Maloof placed Plaintiff in waist and ankle shackles.

14.      Plaintiff told Agent Maloof several times that his ankle chains were too tight and causing excruciating pain, to which agent Maloof responded by saying Plaintiff should not have violated his parole.

3

15.     Plaintiff was unable to walk without limping severely and was in obvious pain.

16.     Defendant Maloof nonetheless compelled Plaintiff to walk down a lengthy corridor with a severe limp, while Plaintiff complained of severe pain.

17.     Plaintiff told another agent at the office that his ankle chains were too tight, and the agent responded by telling Plaintiff he was not his client.

18.     A transport van arrived at the parole office about an hour and a half to two hours later.

19.     The transportation employees took the chains off Plaintiff's ankles.

20.     Plaintiff was taken to Detroit Reentry Center whereupon he immediately informed unidentified MDOC employee John Doe that he needed to see a doctor.

21.     Plaintiff was told to put a kite in to the medical department.

22.     After making at least one kite and several complaints to MDOC officials, including Defendant John Doe, over the next three weeks about swelling and pain in his leg, one MDOC officer, Officer Edwards, finally called medical on March 29, 2017. Plaintiff was seen by a nurse, Ms. Bryant.

23.     Upon seeing Plaintiff's serious and obvious injuries to his leg, Nurse Bryant had Plaintiff rushed to Detroit Receiving Hospital.

24.    An examination at Detroit Receiving Hospital revealed that Plaintiff's left Achilles tendon was ruptured and that a blood clot had formed in his leg.

25.    A cast was placed on Plaintiff's leg for three and a half months, after which he required a walking boot for several months.

26.    As part of his treatment, Plaintiff was instructed by his doctor to not use stairs.

27.    Plaintiff was forced to walk up multiple flights of stairs at Detroit Re-Entry Center, for the three weeks prior to receiving medical attention, and afterwards while he was in a cast and walking boot.

28.    Even after making complaints and putting in several kites to Defendant Steven Horton, Plaintiff was forced to use the stairs to reach his cell, as well to gain access to food, medical, and religious services.

29.    The forced use of the stairs was the proximate cause of Plaintiff's increased pain and suffering and resulted in an exacerbation of his injury.

## COUNT I
## CONSTITUTIONAL VIOLATIONS
*(By Defendant Agent Maloof, Defendant John Doe, and Defendant Horton)*

30.    Plaintiff hereby restates and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

31.    The actions and/or omissions of Agent Maloof as described above constitute an unreasonable use of force in violation of the Fourth Amendment to the United States Constitution.

32.    The actions and/or omissions of John Doe and Steven Horton as described above constitute deliberate indifference to serious medical needs in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

33.    The Civil Rights Act, 42 USC §1983, provides for civil liability for the deprivation of any right, privilege or immunity secured by the Constitution of the United States when said deprivation is committed under the color or law and in accordance with governmental custom and policy.

34.    The rights at issue were clearly established at the time of the Constitutional violations, and any reasonable officer of the state should have been aware of Plaintiffs rights and should have recognized his actions violated said rights.

## COUNT II
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT
### (U.S.C. §12132)
*(By Defendant MDOC)*

35.    Plaintiff hereby restates and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

36.     By the actions of the Defendants MDOPC as described above, Plaintiff has, by reason of such disability, been subjected to discrimination by a public entity, in violation of Title II of the ADA, 42 U.S.C. §12132.

37.     The claims under the ADA are brought against Defendant MDOC as a department, agency, or instrumentality of the State of Michigan.

38.     Defendant MDOC is a "public entity" within the meaning of 42 U.S.C. § 12131(1)(B).

39.     Plaintiff is a "qualified individual with a disability" within the meaning of Title II of the ADA, 42 U.S.C. § 12131(2).

40.     Defendant MDOC acted in willful disregard of Plaintiff's rights and failed to provide reasonable accommodations to Plaintiff after he sustained serious injury.

41.     Because the ADA explicitly abrogates Eleventh amendment immunity, Defendant MDOC cannot claim immunity in this matter.

42.     As a result of Defendant MDOC's acts and omissions, Plaintiff experienced and continues to experience damage to his leg, physical pain and suffering and mental anguish.

## DAMAGES

43.     Plaintiff hereby restates and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

7

44.     Plaintiff suffered serious and severe injuries including, but not limited to injuries to his Achilles tendon, leg, and other painful and debilitating injuries that that have affected his ability to lead his everyday normal life.

45.     Plaintiff has been forced to undergo medical treatment and will continue to undergo medical treatment in the future.

46.     Plaintiff has suffered the above described physical pain and suffering as well as mental anguish, fright and shock, denial of social pleasure and enjoyment and embarrassment, humiliation and mortification, all of which are serious, permanent and disabling.

47.     Plaintiff is entitled to compensatory as well as punitive damages, costs and attorney fees.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court grant Judgment in favor of Plaintiff and against Defendants in an amount the Court or jury deems just and fair, plus interest, costs and attorney fees.

Respectfully submitted,

/s/Stephen M. Lovell
Stephen M. Lovell (P80921)
Jonathan R. Marko (P72450)
Counsel for Plaintiff
**Marko Law, PLC**
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
(313) 965-5555

Date:  May 24, 2018

8

**JURY REQUEST**

Plaintiff, by and through counsel, hereby requests a trial by jury in the above-captioned matter.

Respectfully submitted,

/s/ Stephen M. Lovell
Stephen M. Lovell (P80921)
Jonathan R. Marko (P72450)
Counsel for Plaintiff
**Marko Law, PLC**
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
(313) 965-5555

Date:  May 24, 2018

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2018, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system which will send notification of such filing to the above listed attorneys of record and by certified mail to Defendants.

/s/ *Katie Williams*
Katie Williams